Matter of Fix (2024 NY Slip Op 06507)

Matter of Fix

2024 NY Slip Op 06507

Decided on December 20, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, NOWAK, AND KEANE, JJ. (Filed Dec. 20, 2024)

&em;

[*1]MATTER OF ROBERT H. FIX, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 27, 1991, and he formerly maintained an office for the practice of law in Oswego. The Grievance Committee has filed a petition and supplemental petition alleging a total of 15 charges of professional misconduct against respondent, including neglecting client matters, misappropriating client funds, failing to refund unearned legal fees to clients, and failing to cooperate in the grievance investigation. By confidential order entered July 15, 2024, this Court granted the Grievance Committee's motion for an order finding respondent in default on the petition and deeming admitted the allegations contained therein after he failed to file a response to the petition or the Committee's motion. Although this Court's order of default set a deadline for respondent to submit written materials in mitigation, he failed to file a written response or submit any mitigating factors to the Court. The Grievance Committee has moved the Court for an order finding respondent in default on the supplemental petition on the ground that he acknowledged service thereof in July 2024 and thereafter failed to file an answer thereto or otherwise contact the Court. Although respondent was personally served with that motion in early October 2024, he failed to file papers in response or appear on the return date. Consequently, we grant the motion of the Grievance Committee, find respondent in default on the supplemental petition, and deem admitted the allegations set forth therein.
With respect to charges one through six of the petition, respondent admits that, from March 2021 through April 2023, he accepted funds from several clients in amounts ranging from $750 to $1,500, which included payments for anticipated legal fees and filing fees. Respondent admits that he thereafter failed to perform the work for which he was retained and failed to maintain communication with clients or respond to their inquiries regarding the status of their matters. Respondent further admits that he failed to maintain funds belonging to clients in an attorney trust account, failed to issue refunds upon their request, and converted such funds to his own personal use.
With respect to charge seven of the petition, respondent admits that, in March 2023, he appeared remotely before Oswego County Family Court, at which time he was drinking an alcoholic beverage and appeared to be under the influence of alcohol. Respondent admits that he thereafter failed to respond to inquiries from the Grievance Committee regarding the incident.
With respect to charge eight of the petition, respondent admits that, from October 2022 through April 2023, he failed to comply with orders issued by the United States Bankruptcy Court for the Northern District of New York (Bankruptcy Court) directing him to, inter alia, show cause why sanctions should not be imposed against him for neglecting client matters, failing to provide competent representation to clients, and failing to comply with deadlines imposed by the Bankruptcy Court in relation to three client matters. Respondent further admits that he failed to comply with the Bankruptcy Court's directives requiring him to refund filing fees he received from two clients in the amounts of $325 and $370, respectively.
With respect to charges one through six of the supplemental petition, respondent admits that, from October 2018 through October 2022, he accepted funds from several clients in amounts ranging from $300 to $1,875, which included payments for anticipated legal fees and filing fees. Respondent admits that he thereafter failed to perform the work for which he was retained, failed to maintain communication with clients, and failed to respond to their inquiries regarding the status of their matters.
With respect to charge seven of the supplemental petition, respondent admits that, from September 2023 through May 2024, he failed to respond to numerous inquiries from the Grievance Committee seeking information regarding the client complaints giving rise to charges one through six of the supplemental petition. Respondent additionally admits that he failed to comply with a subpoena issued by this Court directing him to produce documents and appear for [*2]a formal interview at the offices of the Grievance Committee in March 2024.
Based on respondent's admissions to the allegations in the petition and supplemental petition, we find him guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.15 (a)—misappropriating funds belonging to another person that were received incident to his practice of law;
rule 1.15 (b) (1)—failing to maintain funds belonging to another person that were received incident to his practice of law in a segregated account, separate from his business or personal accounts or those of his law firm;
rule 1.15 (c) (4)—failing to deliver to a client or third person in a prompt manner, as requested by the client or third person, funds in his possession that the client or third person is entitled to receive;
rule 1.16 (e)—failing to refund promptly any part of a fee paid in advance that has not been earned;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered respondent's substantial grievance history, which includes three letters of caution and two admonitions issued by the Grievance Committee, as well as a public censure imposed by this Court in 2022 for, inter alia, neglecting a client matter and failing to keep a client informed about the status of a matter (Matter of Fix, 206 AD3d 14, 17 [4th Dept 2022]). We have also considered that the record in this matter establishes that respondent engaged in an extended course of serious misconduct, causing direct harm or substantial prejudice to numerous clients. We have further considered respondent's failure to cooperate in the grievance investigation or respond to the charges in this matter, which evinces a disregard for his fate as an attorney (see Matter of Shaw, 180 AD3d 1, 4 [4th Dept 2019]). Accordingly, we conclude that respondent should be disbarred.
We also grant the request of the Grievance Committee for an order directing respondent to make restitution to 11 former clients in the amounts specified in the order entered herewith. We agree with the Grievance Committee that the record establishes that respondent accepted funds from those clients without intending to perform the work for which he was retained or abandoned the clients and converted the funds to his own use. Accordingly, we conclude that respondent wilfully misappropriated or misapplied those funds in the practice of law within the meaning of Judiciary Law § 90 (6-a).